UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20191-WILLIAMS

UNITED STATES OF AMERICA

v.

ANDREW ALTURO FAHIE,
    a/k/a "Head Coach,"
    a/k/a "Coach,"
OLEANVINE PICKERING MAYNARD,
    a/k/a "Rose,"
    a/k/a "P," and
KADEEM STEPHAN MAYNARD
    a/k/a "Blacka,

        **Defendants.**
_____/

## GOVERNMENT'S RESPONSE TO
## THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order, which was issued on May 11, 2022, as to Oleanvine Pickering Maynard ("O. MAYNARD") [ECF No. 22], on May 25, 2022, as to Andrew Alturo Fahie ("FAHIE") [ECF No. 34], and on July 6, 2022, as to Kadeem Stephan Maynard ("K. MAYNARD") [ECF No. 50].

The government provided discovery in response to the Court's Standing Discovery Order to FAHIE and O. MAYNARD on June 14, 2022, and to K. MAYNARD on July 14, 2022.[1] The

---

[1] The government received additional video recordings and electronic data extracted from devices belonging to O. MAYNARD and FAHIE (labeled "N24," "N25 (K. Maynard Phones)" "N26 (Samsung Galaxy Note 10+ XAMN Viewer)," "OM Extractions" and "Surface Pro Axiom Portable Case," after the original disclosure. Due to the voluminous amount of data and technical formatting issues, the government's IT department was enlisted to assist with the copying of the files onto external drives provided by counsel for FAHIE and O. MAYNARD. This data was

1

items provided included: DEA reports, audio/video files (such as recorded meetings and phone calls) totaling over 8000 minutes, phone and computer data, WhatsApp communications, Puerto Rico law enforcement reports, and bank records.

This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

    A.    1.    Enclosed, please find copies of the audio/video recordings which contain recordings of conversations had by the defendants.

        2.    The government is unaware of any relevant oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial.

        3.    No defendant testified before the Grand Jury.

        4.    The defendants' prior criminal record, if any exists, will be made available upon receipt by this office.

        5.    Books, papers, documents, data, photographs, tangible objects, buildings or places, within the government's possession, custody or control, which are material to the preparation of the defendant's defense, or which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant, may be inspected at a mutually convenient time at: the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida. Please call the undersigned to set up a date and time that is convenient to both parties.

        The attachments to this discovery response are not necessarily copies of all the books, papers, documents, data, etc., that the government may intend to introduce at trial.

        6.    There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

    B.    DEMAND FOR RECIPROCAL DISCOVERY: Pursuant to the Standing

---

provided to FAHIE on or about August 17, 2022, and to K. MAYNARD on or about September 7, 2022. The government is engaged in discussions with counsel for O. MAYNARD and expects to receive an appropriate medium for the file transfer shortly.

|     | |
| --- | --- |
|     | Discovery Order, the United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure. |
| C.  | The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976). |
| D.  | The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959). |
| E.  | The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. |
| F.  | No defendant was identified in a lineup, show up, photo array or similar identification proceedings. |
| G.  | The government has advised its agents and officers involved in this case to preserve all rough notes. |
| H.  | The government will timely advise the defendant of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b). Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence. |
|     | You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine). |
| I.  | The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any relevant electronic surveillance that was authorized pursuant to 18 U.S.C. §2516 and 18 U.S.C §2518 and that has been unsealed in accordance with 18 U.S.C §2518. |
| J.  | The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause. |
| K.  | No contraband is involved in this indictment. |

|     |     |
| --- | --- |
| L.  | If you wish to inspect the aircraft used in the commission of the offense charged, please contact the undersigned. |
|     | Security requirements mandate strict compliance with the procedures established for the granting of access for inspection of seized vessels, aircraft and vehicles. |
|     | Accordingly, the United States Attorney's Office cannot process last-minute requests for inspection. In order to meet security requirements, all requests to inspect seized vessels, aircraft or automobiles must be received by the AUSA handling the case on or before fifteen (15) days from the date of this Response to the Standing Discovery Order. |
|     | If you anticipate that this deadline may create a problem for you or your client, please promptly send written notice to the appropriate AUSA. |
| M.  | The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant. |
| N.  | The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference. |

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

[THIS SPACE INTENTIONALLY LEFT BLANK]

      Though each defendant's counsel previously acknowledged receipt of the items identified herein, please contact the undersigned Assistant United States Attorney if you are unable to access any of the materials.

      Respectfully submitted,

      JUAN ANTONIO GONZALEZ
      UNITED STATES ATTORNEY

By: */s/ Shane Butland*
      Shane R. Butland
      Assistant United States Attorney
      Court ID No. A5502525
      99 Northeast 4th Street
      Miami, Florida 33132-2111
      Tel: (305) 961-9123
      Email: Shane.Butland@usdoj.gov

cc:    Special Agent Shad Aschleman,
       Drug Enforcement Administration

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 12, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified.

/s/ Shane Butland
Shane R. Butland
Assistant United States Attorney

## SERVICE LIST
United States v. Andrew Alturo Fahie et al.,
Case No. 22-CR-20191-KMW
United States District Court
Southern District of Florida

| Party | Counsel |
|---|---|
| Plaintiff:<br>United States | Shane Butland<br>Assistant United States Attorney<br>99 N.E. 4th Street<br>Miami, Florida 33132<br>Email: Shane.Butland@usdoj.gov<br>**via Notice of Electronic Filing generated by CM/ECF** |
| Defendant:<br>Andrew Alturo Fahie | Theresa Mary Bailey Van Vliet<br>200 E. Broward Blvd., Suite 1110<br>Fort Lauderdale, FL 33301<br>Email: tvanvliet@gjb-law.com<br>**via Notice of Electronic Filing generated by CM/ECF** |
| Defendant:<br>Oleanvine Pickering Maynard | Raymond D'Arsey Houlihan<br>150 West Flagler St.<br>Miami, FL 33130<br>Email: d'arsey_houlihan@fd.org<br>**via Notice of Electronic Filing generated by CM/ECF** |
| Defendant:<br>Kadeem Stephan Maynard | Jose Rafael Rodriguez<br>6367 Bird Road<br>Miami, FL 33155<br>Email: jrafrod@bellsouth.net<br>**via Notice of Electronic Filing generated by CM/ECF** |