UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-cr-20191-WILLIAMS/McALILEY(s)

UNITED STATES OF AMERICA,

vs.

ANDREW ALTURO FAHIE, et al.,

    Defendants.
_____/

## SECOND UNOPPOSED MOTION TO CONTINUE TRIAL DATE

Andrew A. Fahie, through his undersigned counsel, hereby files his Second Unopposed Motion to Continue the presently set trial date of for the two week calendar beginning on January 9, 2023. Mr. Fahie states as follows:

1. Mr. Fahie was arrested on April 28, 2022 and charged in a complaint filed in the Southern District of Florida. (D.E. 1). Mr. Fahie had his Initial Appearance the following day, April 29, 2022, before the Honorable Magistrate Judge Jonathan Goodman. (D.E. 6).

2. The Government requested pretrial detention as to Mr. Fahie and a hearing on its request was held on May 4, 2022 before the Honorable Magistrate Judge Otazo-Reyes. The Magistrate Judge denied the Government's request and set conditions of bond. The Government announced its intention to appeal the denial and requested a stay of the conditions of bond, which was entered by the Court. (D.E. 12).

3. The Government timely filed its pretrial detention appeal. (D.E. 15), and its Motion to Revoke Bond. (D.E. 23).

4. Mr. Fahie was indicted on May 11, 2022. (D.E. 21).

5. The Government's appeal and motion relating to bond was heard before the Honorable Kathleen M. Williams on May 23, 2022. The Court denied the Government's motion

to revoke bond, and modified certain terms and conditions of the original bond set by Magistrate Judge Otazo-Reyes. (D.E. 33).

6. Mr. Fahie was arraigned before the Honorable Magistrate Judge Jacqueline Becerra on May 25, 2022, at which time the Standing Discovery Order was entered. (D.E. 34). Consequently, the Government was required to produce discovery on or before Wednesday, June 8, 2022.

7. This Court entered its initial Order Setting Pretrial Schedule and Procedures on May 26, 2022. (35).

8. This Court held a *Nebbia* hearing on June 13, 2022. (D.E. 38). The Government agreed that Mr. Fahie had satisfied the *Nebbia* conditions relating to his bond. Mr. Fahie was released from custody the same day after posting the bond and satisfying all conditions of his bond.

9. During the course of the *Nebbia* hearing, undersigned counsel advised the Court that the Government had not yet provided discovery owing to some unanticipated delays on the part of the Government, but that Mr. Fahie anticipated receiving production in the immediate future. The undersigned additionally advised that she anticipated some request to continue the currently set trial date, and related deadlines, after an initial review of the size and scope of the Government's production.

10. The Government's initial production was received on Friday, June 17, 2022. Continuous efforts were undertaken to download and copy the discovery materials so that Mr. Fahie might review the discovery. The process relating to production from the Government was completed on or about June 22, 2022.

11. A forensic image of Mr. Fahie's phone was not provided in the initial tranche of discovery. The undersigned requested a forensic image of Mr. Fahie's electronic devices in late

July, 2023.  The Government experienced technical difficulties in producing the forensic images which were ultimately provided in mid-August 2022.

12.  The Government is still in the process of transcribing the voluminous audio recordings in this matter.  On October 25, 2022, the undersigned consulted with AUSA Butland who advised that he anticipated that the Government would have its draft transcriptions completed by November 30, 2023.  While the Government has been providing initial drafts of transcripts since that time, they are not yet complete or even final drafts.  It is unlikely that the process will be completed by the end of November 2023.

13.  Initial review of the multi-terabyte quantity of materials initially produced by the Government revealed that there was no production of *Giglio, Napue* or related information regarding the confidential source used in this case.  It should be noted that the Government previously provided, informally, certain payments received by the confidential source used in the case.

14.  On August 3, 2023, the Government moved for a protective order, under seal, relating to the identity of the confidential source.  (D.E. 54).  While Mr. Fahie initially noted his objection to the relief sought therein, the undersigned notified the Government on August 15, 2022 that Mr. Fahie was withdrawing its objection, while expressly reserving the fight to raise it again in advance of the deadline sought by the Government if circumstances warranted.

15.  Subsequent investigation provided the undersigned to make a good faith request for Specific *Brady*/*Giglio* information regarding the confidential source, including but not limited to verification of the identity of the source.  That request was made to the Government on October 13, 2022.  The Government responded to the undersigned's request on October 26, 2022 and declined to provide the undersigned with the identity of the confidential informant, nor other

related information sought in the request.

16. Owing to the Government's refusal to confirm, or refute, the identity of the confidential source, the undersigned is required to submit the matter to the Court and anticipates doing so immediately after the Thanksgiving holiday. The undersigned anticipates the filing of subsequent substantive motions with constitutional underpinnings upon verification of the confidential informant's identity. It should be noted that the undersigned will not make reference to any information believed to reference the informant's identity in any public filing.

17. On November 9, 2022, the Government obtained a Superseding Indictment in this case. As relevant to Mr. Fahie, the Superseding Indictment adds a single additional count relating to interstate and foreign travel. (D.E. 61).

18. For these several reasons, the undersigned does not have adequate time to prepare for a trial in this case in early January 2023, nor to address any pretrial filings until the Government's completes its discovery obligations and until such time as the Court may consider and rule on anticipated motions relating to the identity of the confidential informant.

19. In light of the foregoing, Mr. Fahie requests that the Court continue the presently set trial date and reset this matter no sooner than May 8, 2023 and further that it reset all currently set pretrial deadlines.

20. The undersigned has explained Mr. Fahie's rights to a Speedy Trial as guaranteed by the Sixth Amendment to the Constitution of the United States and the Speedy Trial Act. Mr. Fahie knowingly agrees to the request sought herein and agrees that any time generated by the requested continuance is properly deemed excludable time under the provisions of the Speedy Trial Act and waives any rights to a Speedy Trial consistent with the relief requested herein. Title 18 U.S.C. §3161(h).

21.     The undersigned is authorized to represent that the Government does not object to the relief requested herein.

22.     The undersigned is authorized by AFPD Houlihan to represent that he does not object to the relief requested herein on behalf of Ms. Maynard.  The undersigned is authorized to represent that Mr. Jose Rafael Rodriguez that he does not object to the relief requested herein on behalf of Mr. Maynard.

Respectfully submitted,

**GENOVESE JOBLOVE & BATTISTA, P.A.**
Theresa M.B. Van Vliet, Esq.
Fla. Bar No. 374040
Joyce A. Delgado, Esq.
Fla. Bar No. 1002228
*Counsel for Defendant Andrew A. Fahie*
200 East Broward Blvd., Suite 1110
Fort Lauderdale, FL  33301
Telephone: 954-453-8000
Telefax: 954-453-8010

By: /s/  Theresa M.B. Van Vliet
      Theresa M.B. Van Vliet, Esq.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion has been served upon all parties registered to receive electronic notice via CM/ECF Notification on this 28th day of November, 2022.

By: /s/  Theresa M.B. Van Vliet