

**VIRGIN ISLANDS**

# DRUGS (PREVENTION OF MISUSE) ACT

**Revised Edition**
showing the law as at 1 January 2020

This is a revised edition of the law, prepared by the Law Revision Commissioner under the authority of the Law Revision Act 2014.

This edition contains a consolidation of the following laws—

|  |  | Page |
|---|---|---|
| **DRUGS (PREVENTION OF MISUSE) ACT** | | 3 |
| Act 9 of 1988 .. in force 30 September 1988 | | |
| Amended by Acts: | 4 of 1992 .. in force 2 June 1992 | |
| | 5 of 1992 .. in force 16 July 1992 | |
| | 8 of 1993 .. in force 7 October 1993 | |
| | 1 of 1995 .. in force 28 September 1995 | |
| | 9 of 1996 .. in force 27 November 1996 | |



**VIRGIN ISLANDS**

# DRUGS (PREVENTION OF MISUSE) ACT

**Revised Edition**
showing the law as at 1 January 2020

This is a revised edition of the law, prepared by the Law Revision Commissioner under the authority of the Law Revision Act 2014.

This edition contains a consolidation of the following laws—

|  | Page |
|---|---|
| **DRUGS (PREVENTION OF MISUSE) ACT** | 3 |
| Act 9 of 1988   ..   in force 30 September 1988 | |
| Amended by Acts:   4 of 1992   ..   in force 2 June 1992 | |
| 5 of 1992   ..   in force 16 July 1992 | |
| 8 of 1993   ..   in force 7 October 1993 | |
| 1 of 1995   ..   in force 28 September 1995 | |
| 9 of 1996   ..   in force 27 November 1996 | |

Published in 2021
On the authority and on behalf of the Government of The Virgin Islands
by
The Regional Law Revision Centre Inc.

For information contact—

Attorney General's Chambers
Government of the Virgin Islands
P.O. Box 242
Road Town
Tortola, VG1110
British Virgin Islands

Tel: (284) 468 - 2960
Email: agc@gov.vg


Printed on the authority and on behalf of the Government of The Virgin Islands
by
The Regional Law Revision Centre Inc.
P.O. Box 1626, 5 Mar Building,
The Valley, AI-2640, Anguilla
Authorised Printers for this Revised Edition

# DRUGS (PREVENTION OF MISUSE) ACT

## ARRANGEMENT OF SECTIONS

SECTION

1. Short title
2. Interpretation
3. The National Drug Advisory Council
4. Controlled drugs and their classifications
5. Restriction of importation and exportation of controlled drugs
6. Restriction of production and supply of controlled drugs
7. Restriction of possession of controlled drugs
8. Restriction of cultivation of cannabis
9. Authorisation of activities otherwise unlawful under foregoing provisions
10. Occupiers etc. of premises to be punishable for permitting certain activities to take place there
11. Prohibition of certain activities etc. relating to controlled drugs
12. Power to make regulations for preventing misuse of controlled drugs
13. Power to direct special precautions for safe custody of controlled drugs to be taken at certain premises
14. Directions prohibiting, prescribing, supplying etc. of controlled drugs by practitioners etc. convicted of certain offences
15. Directions prohibiting, prescribing, supply etc. of controlled drugs by practitioners in other cases
16. Drug trafficking
17. Power to obtain information from doctors etc. in certain circumstances
18. Miscellaneous offences
19. Attempts etc. to commit offences
20. Assisting in or inducing commission outside the Territory of offence punishable under a corresponding law
21. Offences by corporations
22. Further powers to make regulations
23. Powers to search and obtain evidence
24. Retention and disposal of seized controlled drug
25. Power to arrest
26. Powers of naval officer
27. Committal to the High Court for sentence
28. Prosecution and punishment of offences
29. Forfeiture
30. Forfeiture of conveyance
31. Certificate of analyst admissible in evidence
32. Proof of lack of knowledge etc. to be a defence in proceedings for certain offences
33. Service of documents
34. Licences and authorities
35. General provisions as to regulations

36.   Research
37.   Meaning of "corresponding law"
       SCHEDULE 1:  Constitution of the Advisory Council
       SCHEDULE 2:  Controlled Drugs
       SCHEDULE 3:  Prosecution and Punishment of Offences

## DRUGS (PREVENTION OF MISUSE) ACT

*(Acts 9 of 1988, 4 of 1992, 5 of 1992,*
*8 of 1993, 1 of 1995 and 9 of 1996 )*

AN ACT TO MAKE PROVISION WITH RESPECT TO DANGEROUS OR OTHERWISE HARMFUL DRUGS AND RELATED MATTERS, AND FOR PURPOSES CONNECTED THEREWITH.

### Commencement

*[30 September 1988]*

### Short title

**1.**  This Act may be cited as the Drugs (Prevention of Misuse) Act.

### Interpretation

**2.**  In this Act, except where the context otherwise requires—

"the Advisory Council" means the National Drug Advisory Council established under this Act; *(Substituted by Act 4 of 1992)*

"analyst" means a person appointed as such under section 31(1);

"cannabis" (except in the expression "cannabis resin") means any plant of genus *Cannabis* or any part thereof by whatever name designated and includes in whatever form, its preparations, derivatives and similar synthetic preparations;

"cannabis resin" means the separated resin, whether crude or purified, obtained from any plant or any part of a plant of the genus *Cannabis*; *(Amended by Act 1 of 1995)*

"chemist and druggist" means a person registered as a chemist and druggist under the Medical Act;

"controlled drug" has the meaning assigned by section 4;

"conveyance" means any ship, vessel, boat, aircraft or other means of transportation however described; *(Inserted by Act 1 of 1995)*

"corresponding law" has the meaning assigned by section 37;

"dentist" means a person registered as a dentist under the Medical Act;

"doctor" means a person registered as a medical practitioner under the Medical Act;

"druggist" means a person registered as a druggist under the Medical Act;

"drug trafficking" means doing or being concerned in any of the following, whether in the Territory or elsewhere—

  (a)  producing a controlled drug in  contravention of section 6(1) or a corresponding law;

  (b)  supplying a controlled drug in contravention of section 6(2) or a corresponding law;

(c) transporting or storing a controlled drug where possession of the drug is in contravention of section 7(1) or a corresponding law; *(Substituted by Act 1 of 1995)*

(d) importing or exporting a controlled drug where the importation or exportation is prohibited by section 5(1) or a corresponding law; *(Amended by Act 1 of 1995)*

(e) entering into or being otherwise concerned in an arrangement whereby—

   (i) the retention or control by or on behalf of another of the proceeds of drug trafficking by him or her is facilitated; or *(Amended by Act 5 of 1992)*

   (ii) the proceeds of drug trafficking by another are used to secure that funds are placed at his or her disposal or are used for his or her benefit to acquire property by way of investment; *(Amended by Act 1 of 1995)*

"drug trafficking offence" means—

(a) an offence under section 5, 6(1), 6(2), 7(1) where section 7(3) applies or 7(2), that is to say, the import, export, production, supply and possession for supply of controlled drugs; *(Substituted by Act 1 of 1995)*

(b) an offence under section 20 (assisting in or inducing commission outside the Territory of an offence punishable under a corresponding law); *(Amended by Act 1 of 1995)*

(c) a conspiracy to commit any of the offences mentioned in paragraphs *(a)* and *(b)*; *(Substituted by Act 1 of 1995)*

(d) an offence of attempting to commit any of those offences; *(Substituted by Act 1 of 1995)*

(e) an offence of inciting another to commit any of those offences; *(Substituted by Act 1 of 1995)*

(f) aiding, abetting, counselling or procuring the commission of any of those offences; *(Substituted by Act 1 of 1995)*

"practitioner" means a doctor, a dentist or a veterinary practitioner, except when used in the expression "veterinary practitioner"; *(Substituted by Act 1 of 1995)*

"prepared opium" means opium prepared for smoking and includes dross and any other residues remaining after opium has been smoked;

"produce" where the reference is to producing a controlled drug, means producing it by manufacture, cultivation or any other method and "production" has a corresponding meaning;

"supplying" includes distributing;

"Territory" means the Virgin Islands;

"veterinary practitioner" means any person in the Territory holding a qualification entitling him or her to practise as a veterinary surgeon in any part of the Commonwealth or the United States of America or any person who within the Territory is engaged in the practice and profession of veterinary surgery.

(2) References in this Act to misusing a drug are references to misusing it by taking it; and the reference in the foregoing provision to the taking of a drug is a reference to the taking of it by a human being by way of any form of self administration, whether or not involving assistance by another.

(3) For the purposes of this Act the things which a person has in his or her possession shall be taken to include anything subject to his or her control which is in the custody of another.

**The National Drug Advisory Council**

3.   (1) There shall be constituted in accordance with Schedule 1 hereto the National Drug Advisory Council (in this Act referred to as "the Advisory Council") and the supplementary provisions contained in that Schedule shall have effect in relation to the Advisory Council. *(Amended by Act 4 of 1992)*

(2) It shall be the duty of the Advisory Council to keep under review the situation in the Territory with respect to drugs which are being or appear to them likely to be misused and of which the misuse is having or appears to them capable of having harmful effects sufficient to constitute a social problem, and to give to the Minister, where either the Advisory Council considers it expedient to do so or they are consulted by the Minister, advice on measures (whether or not involving alteration of the law) which in the opinion of the Advisory Council ought to be taken for preventing the misuse of such drugs dealing with social problems connected with their misuse, and in particular on measures which in the opinion of the Advisory Council, ought to be taken—

(a) for restricting the availability of such drugs or supervising the arrangements for their supply;

(b) for enabling persons affected by the misuse of such drugs to obtain proper advice and for securing the provision of proper facilities and services for the treatment, rehabilitation and aftercare of such persons;

(c) for promoting cooperation between the various professional and community services which in the opinion of the Advisory Council have a part to play in dealing with social problems connected with the misuse of such drugs;

(d) for educating the public (and in particular the young) in the dangers of misusing such drugs, and for giving publicity to these dangers; and

(e) for promoting research into, or otherwise obtaining information about, any matter which in the opinion of the Advisory Council, is of relevance for the purpose of preventing the misuse of such drugs or dealing with any social problem connected with their misuse."

(3) It shall also be the duty of the Advisory Council to consider any matter relating to drug dependence or the misuse of drugs which may be referred to them by the Minister and to advise the Minister thereon.

**Controlled drugs and their classifications**

**4.** (1) In this Act—

(a) the expression "controlled drugs" means any substance or product for the time being specified in Part I, II, or III of Schedule 2; and

(b) the expressions "Class A drug", "Class B drug", and "Class C drug" mean any of the substances and products for the time being specified respectively in Part I, Part II, and Part III of that Schedule,

and the provisions of Part IV of that Schedule shall have effect with respect to the meanings of expressions used in that Schedule.

(2) The Minister may, after consultation with, or on the recommendation of the Advisory Council, by order published in the *Gazette*, make such amendments to Schedule 2 as may be requisite for the purpose of adding any substance or product to, or removing any substance or product from, any of Parts I to III of that Schedule.

(3) An order under this section may amend Part IV of Schedule 2, and may do so whether or not it amends any other Part of that Schedule.

**Restriction of importation and exportation of controlled drugs**

**5.** (1) Subject to subsection (2)—

(a) the importation of a controlled drug; and

(b) the exportation of a controlled drug,

are hereby prohibited.

(2) Subsection (1) does not apply—

(a) to the importation or exportation of a controlled drug which is for the time being excepted from paragraph *(a)* or as the case may be, subsection (1)*(b)* by regulations under section 9; or *(Amended by Act 1 of 1995)*

(b) to the importation or exportation of a controlled drug under and in accordance with the terms of a licence issued by the Minister and in compliance with any conditions attached thereto.

(3) Any person who imports or exports controlled drugs contrary to subsection (1) shall be guilty of an offence and liable on conviction therefor to the penalties laid down in section 16. *(Amended by Act 4 of 1992)*

**Restriction of production and supply of controlled drugs**

**6.** (1) Subject to any regulations made under section 9, it shall not be lawful for a person to produce a controlled drug and subject to section 32 and to any regulations made under section 9, it is an offence for a person to—

(a) produce a controlled drug; or

(b) be concerned in the production of a controlled drug by another.

(2) Subject to any regulations made under section 9, it shall not be lawful for a person to supply or offer to supply a controlled drug to another, and subject to section 32 and to any regulations made under section 9, it is an offence for a person to—

*(a)* supply or offer to supply a controlled drug to another;

*(b)* be concerned in the supply of a controlled drug to another;

*(c)* be concerned in the making to another of an offer to supply a controlled drug.

*(Substituted by Act 1 of 1995)*

**Restriction of possession of controlled drugs**

**7.** (1) Subject to any regulations made under section 9, it shall not be lawful for a person to have a controlled drug in his or her possession, and subject to—

*(a)* subsection (4);

*(b)* any regulations made under section 9; and

*(c)* section 32,

it is an offence for a person to have a controlled drug in his or her possession.

(2) Subject to section 32, a person commits an offence if, with intent to supply a controlled drug to another, he or she has that drug in his or her possession whether lawfully or not.

(3) Subject to subsection (1), a person found in possession of the following drugs in quantities of more than—

*(a)* 2 grammes of diacetylmorphine (heroin);

*(b)* 5 grammes of cocaine;

*(c)* 55 grammes of opium;

*(d)* 3 grammes of morphine; or

*(e)* 50 grammes of cannabis or cannabis resin,

shall be deemed to be in possession of such controlled drug for the purpose of supplying it to another in contravention of section 6(2)*(b)* or for drug trafficking in contravention of section 6(2)*(c)* unless the contrary is proved, the burden of proof being on the accused.

(4) In any proceedings for an offence under subsection (1) in which it is proved that the accused had a controlled drug in his or her possession, it shall be a defence for him or her to prove that knowing or suspecting it to be a controlled drug, he or she took possession of it for the purpose of—

*(a)* preventing another from committing or continuing to commit an offence in connection with that drug; or

*(b)* delivering it into the custody of a person lawfully entitled to take custody of it,

and that as soon as possible after taking possession of it he or she took all such steps as were reasonably open to him or her to destroy the drug or, as the case may be, deliver it into the custody of a person lawfully entitled to the custody of it.

(5) Subsection (4) shall apply in the case of proceedings for an offence under section 19 consisting of an attempt to commit an offence under subsection (1) as it applies in the case of proceedings for an offence under subsection (1), subject to the following modifications, that is to say—

(a) for the references to the accused having in his or her possession, and to his or her taking possession of, a controlled drug there shall be substituted respectively references to his or her attempting to get, and to his or her attempting to take, possession of such a drug; and

(b) the words from "and that as soon as possible" onwards shall be omitted.

(6) Nothing in subsection (4) or (5) shall prejudice any defence which, apart from those subsections, may be raised by a person charged with an offence under this section. *(Substituted by Act 1 of 1995)*

(7) Nothing in subsection (5) or (6) shall prejudice any defence which is open to a person charged with an offence under this section to raise apart from those subsections.

### Restriction of cultivation of cannabis

**8.** (1) Subject to any regulations under section 9 for the time being in force, it shall not be lawful for a person to cultivate any plant of the genus *cannabis*.

(2) Subject to section 32, it is an offence to cultivate any such plant in contravention of subsection (1).

(3) Subject to any regulations under section 9 for the time being in force, where any plant of the genus *cannabis* is found growing on any property, the owner, lessee, tenant or other person having actual control of the property shall be deemed guilty of an offence under subsection (2) unless he or she proves, the onus of which proof rests on him or her, that he or she neither knew, suspected nor had reason to know or suspect that the plant was growing on the property.

### Authorisation of activities otherwise unlawful under foregoing provisions

**9.** (1) The Minister may by regulations—

(a) exclude from section 5(1)*(a)* or *(b)*, 6(1)*(a)* or *(b)* or 7(1) such controlled drugs as may be specified in the regulations; and

(b) make such other provision as he or she thinks fit for the purpose of making it lawful for persons to do things which under the following provisions of this Act, that is to say sections 6(1), 7(1) and 8(1), it would otherwise be unlawful for them to do.

(2) Without prejudice to the generality of subsection (1)*(b)*, regulations under that subsection authorising the doing of any such thing as is mentioned in that paragraph may in particular provide for the doing of that thing to be lawful—

(a) if it is done under and in accordance with the terms of a licence or other authority issued by the Minister and in compliance with any conditions attached thereto; or

(b) if it is done in compliance with such conditions as may be prescribed.

(3) Subject to subsection (4), the Minister shall so exercise his or her power to make regulations under subsection (1) to ensure—

(a) that it is not unlawful under section 6(1)—

(i) for a doctor, dentist, or veterinary practitioner acting in his or her capacity as such, to prescribe, administer, manufacture, compound, or supply a controlled drug; or

(ii) for a druggist or a person lawfully conducting a retail pharmacy business, acting in either case in his or her capacity as such, to manufacture, compound, or supply a controlled drug; and

*(b)* that it is not unlawful under section 7(1) for a doctor, dentist, veterinary practitioner, druggist, or person lawfully conducting a retail pharmacy business to have a controlled drug in his or her possession for the purpose of acting in his or her capacity as such.

(4) If, in the case of a controlled drug, the Minister is of the opinion that it is in the public interest—

*(a)* for the production, supply and possession of that drug to be either wholly unlawful or to be permitted solely for purposes of research or such other special circumstances as the Minister may determine; or

*(b)* to prohibit a practitioner, druggist or person lawfully conducting a retail pharmacy business from doing, in relation to that drug, any of the things mentioned in subsection (3) except under a licence or other authority issued by the Minister,

he or she may, subject to subsection (6), by order designate that drug as a drug to which this subsection applies; and while such an order is in force, subsection (3) shall not apply as regards that drug. *(Substituted by Act 1 of 1995)*

(5) An order made under subsection (4) shall be by statutory instrument which shall be subject to annulment in pursuance of a resolution of the House of Assembly.

(6) The Minister shall not make any order under subsection (4) except after consultation with or on the recommendation of the Advisory Council.

(7) References in this section to a person "doing" things include references to his or her having things in his or her possession. *(Amended by Act of 1 of 1995)*

**Occupiers etc. of premises to be punishable for permitting certain activities to take place there**

**10.** A person commits an offence if, being the occupier or concerned in the management of any premises, he or she knowingly permits or suffers any of the following activities to take place on those premises, that is to say—

*(a)* producing or attempting to produce a controlled drug in contravention of section 6(1);

*(b)* supplying or attempting to supply a controlled drug to another in contravention of section 6(2), or offering to supply a controlled drug to another in contravention of section 6(2);

*(c)* preparing cannabis, cannabis resin or opium or any other controlled drug for smoking;

*(d)* smoking of cannabis, cannabis resin or prepared opium, or any other controlled drug. *(Amended by Act 1 of 1995)*

**Prohibition of certain activities etc. relating to controlled drugs**

**11.** Subject to section 7(4) and section 32, it is an offence for a person—

(a) to smoke or otherwise use any controlled drug;

(b) to frequent a place used for the purpose of opium smoking or otherwise using any controlled drug;

(c) to have in his or her possession—

(i) any pipes or other utensils made or adapted for use in connection with the smoking of any controlled drug being pipes or utensils which have been used by him or her or with his or her knowledge and permission in that connection, or which he or she intends to use or permit others to use in that connection; or

(ii) any utensils which have been used by him or her or with his or her knowledge and permission in connection with the preparation of any controlled drug for smoking.
*(Amended by Act 1 of 1995)*

**Power to make regulations for preventing misuse of controlled drugs**

**12.** (1) Subject to the provisions of this Act, the Minister may by regulations make such provisions as appear to him or her necessary or expedient for preventing the misuse of controlled drugs.

(2) Without prejudice to the generality of subsection (1), regulations under this section may in particular make provision—

(a) for requiring precautions to be taken for the safe custody of controlled drugs;

(b) for imposing requirements as to the documentation of transactions involving controlled drugs, and for requiring copies of documents relating to such transactions to be furnished to the prescribed authority;

(c) for requiring the keeping of records and the furnishing of information with respect to controlled drugs in such circumstances and in such manner as may be prescribed;

(d) for the inspection of any precautions taken or records kept in pursuance of regulations under this section;

(e) as to the packaging and labelling of controlled drugs;

(f) for regulating the transport of controlled drugs and the methods used for destroying or otherwise disposing of such drugs when no longer required;

(g) for regulating the issue of prescriptions containing controlled drugs and the supply of controlled drugs on prescriptions, and for requiring persons issuing or dispensing prescriptions containing such drugs to furnish to the prescribed authority such information relating to those prescriptions as may be prescribed;

(h) for requiring any doctor who attends to a person, whom he or she considers or has reasonable grounds to suspect, is addicted (within the meaning of the regulations) to controlled drugs of any description to furnish to the prescribed authority such particulars with respect to that person as may be prescribed;

(i) for prohibiting any doctor from administering, supplying and authorising the administration and supply to persons so addicted, and from prescribing for such persons, such controlled drugs as may be prescribed, except under and in accordance with the terms of a licence issued by the Minister in pursuance of the Regulations.

## Power to direct special precautions for safe custody of controlled drugs to be taken at certain premises

**13.** (1) Without prejudice to any requirement imposed by regulations made pursuant to section 12(2)*(a)*, the Minister may, by notice in writing served on the occupier of any premises on which controlled drugs are or are proposed to be kept, give directions as to the taking of precautions or further precautions for the safe custody of any controlled drugs of a description specified in the notice. *(Substituted by Act 1 of 1995)*

(2) It is an offence to contravene any directions given under subsection (1).

## Directions prohibiting, prescribing, supplying etc. of controlled drugs by practitioners etc. convicted of certain offences

**14.** (1) Where a person who is a practitioner or chemist and druggist has, after the coming into operation of this subsection, been convicted of an offence under this Act, or an offence under section 11 or 12 of the Criminal Justice (International Co-operation) Act, the Minister may give a direction in writing under subsection (2) in respect of that person. *(Amended by Act 8 of 1993)*

(2) A direction under subsection (1) in respect of a person shall—

(a) if that person is a practitioner, be a direction prohibiting him or her from having in his or her possession, prescribing, administering, manufacturing, compounding, and supplying and from authorising the administration and supply of such controlled drugs as may be specified in the direction;

(b) if that person is a chemist and druggist, be a direction prohibiting him or her from having in his or her possession, manufacturing, compounding, and supplying and from supervising and controlling the manufacture, compounding and supply of such controlled drugs as may be specified in the direction.

(3) The Minister may, at any time, give a direction in writing—

(a) cancelling or suspending any direction given by him or her under subsection (2); or

(b) cancelling any direction given by him or her under paragraph *(a)* of this subsection which suspends a direction given under subsection (2).

*(Substituted by Act 1 of 1995)*

(4) The Minister shall cause a copy of any direction given by him or her under this section to be served on the person to whom it applies, and shall cause notice of any such direction to be published in the *Gazette*.

(5) A direction under this section shall take effect when a copy of it is served on the person to whom it applies.

(6) It is an offence to contravene a direction given under subsection (2).

### Directions prohibiting, prescribing, supply etc. of controlled drugs by practitioners in other cases

**15.** (1) Where a practitioner contravenes any regulations made pursuant to paragraph *(h)* or *(i)* of section 12(2) or the terms of a licence issued under regulations made pursuant to paragraph *(i)* as aforesaid, the Minister may, subject to subsection (3), give a direction in respect of that practitioner, prohibiting him or her from—

　　　*(a)* prescribing, administering and supplying; and

　　　*(b)* authorising the administration and supply of,

such controlled drugs as may be specified in the direction.

(2) If the Minister is of the opinion that a practitioner is or has, after the coming into operation of this subsection, been prescribing, administering and supplying or authorising the administration or supply of any controlled drugs in an irresponsible manner, the Minister may, subject to subsection (3), give to that practitioner, a direction in accordance with subsection (1).

(3) Where the Minister proposes to give a direction under subsection (1) or (2), the Minister shall refer the case to the Advisory Council which shall—

　　　*(a)* afford to the practitioner an opportunity to appear before and be heard by the Advisory Council;

　　　*(b)* consider the circumstances of the case so far as can be ascertained by it; and

　　　*(c)* report to the Minister whether the information before the Advisory Council appears to it to provide reasonable grounds for believing that there has been such conduct by the practitioner as mentioned in subsection (1) or (2),

and the Minister shall not give any such direction as aforesaid unless the Advisory Council reports that the information before it appears to it to afford such reasonable grounds as mentioned in paragraph *(c)*.

*(Substituted by Act 1 of 1995)*

(4) A contravention such as is mentioned in subsection (1) does not as such constitute an offence, but it is an offence to contravene a direction given under subsection (1) or (2).

**Drug Trafficking**

**16.** (1) A person who commits a drug trafficking offence or the offence of being in possession of a controlled drug for the purpose of drug trafficking is liable—

   *(a)* on summary conviction—

   (i) to a fine of $100,000 or, where there is evidence of the street value of the controlled drug, 3 times the street value thereof, whichever is the greater; or

   (ii) to imprisonment for a term not exceeding 10 years but not less than 3 years,

   or both such fine and imprisonment;

   *(b)* upon conviction on indictment—

   (i) to a fine of $200,000 or, where there is evidence of the street value of the controlled drug, 3 times the street value thereof, whichever is the greater; or

   (ii) to imprisonment for a term not exceeding 15 years but not less than 10 years,

   or to both such fine and imprisonment.

   (2) A person who commits a drug trafficking offence in a substance other than a controlled drug, which he or she represents or holds out to be a controlled drug is liable—

   *(a)* upon summary conviction to a fine of $5,000 or to imprisonment for a term of 2 years or to both such fine and imprisonment;

   *(b)* upon conviction on indictment to a fine of $25,000 or to imprisonment for a term of 5 years or to both such fine and imprisonment.

   *(Substituted by Act 1 of 1995)*

   (3) Subject to any regulations under section 9 for the time being in force, a person found in possession of a controlled drug in any school premises is deemed to have the controlled drug for the purpose of drug trafficking, unless the contrary is proved, the burden of proof being on the accused.

   (4) In subsection (3) "school premises" includes buildings, playing fields or other premises established or maintained by a school for the benefit of its pupils whether or not such buildings, playing fields or other premises are within the curtilage of the school.

**Power to obtain information from doctor etc., in certain circumstances**

**17.** (1) If it appears to the Minister that there exists in any area in the Territory, a social problem caused by the extensive misuse of dangerous or otherwise harmful drugs in that area, the Minister may act in accordance with subsection (2).

   (2) The Minister may, by notice in writing, served on a doctor or druggist practicing in or in the vicinity of the area concerned, or on a person lawfully conducting a retail chemist and druggist business at premises situated in or in the vicinity of that area, require him or her to furnish to the Minister, with respect to

any drugs as may be specified in the notice and as regards any period so specified, the particulars set out in subsection (3).

*(Substituted by Act 1 of 1995)*

(3) The particulars mentioned in subsection (2) are such as may be specified in the notice relating to the quantities in which and the number and frequency of the occasions on which those drugs were—

    *(a)* in the case of a doctor, prescribed, administered or supplied by him or her;

    *(b)* in the case of a druggist, supplied by him or her; or

    *(c)* in the case of a person conducting a retail chemist and druggist business, supplied in the course of that business at any premises situated in or in the vicinity of the area as aforesaid, which may be specified in the notice. *(Substituted by Act 1 of 1995)*

(4) A notice under subsection (2)—

    *(a)* may require any such particulars to be furnished in such manner and within such time as may be specified in the notice;

    *(b)* if served on a chemist and druggist or person conducting a retail chemist and druggist business, may, subject to paragraph *(c)*, require him or her to furnish the names and addresses of doctors on whose prescriptions any dangerous or otherwise harmful drugs to which the notice relates were supplied;

    *(c)* shall not require any person to furnish any particulars relating to the identity of any person for or to whom any such drug has been prescribed, administered or supplied; *(Substituted by Act 1 of 1995)*

(5) A person commits an offence if without reasonable excuse (proof of which shall lie on him or her) the person fails to comply with any requirements to which he or she is subject by virtue of subsection (1). *(Amended by Act 1 of 1995*

(6) A person commits an offence if, in purported compliance with a requirement imposed under this section, he or she gives any information which he or she knows to be false in a material particular or recklessly gives any information which is so false. *(Amended by Act 1 of 1995)*

**Miscellaneous offences**

**18.** (1) A person commits an offence if he or she contravenes regulations made under this Act, other than regulations made pursuant to section 12(2)*(h)* or *(i)*.

(2) A person commits an offence if he or she contravenes a condition or other term of a licence issued under section 5 or a licence or other authority issued under regulations made under this Act, not being a licence issued under regulations made pursuant to section 12(2)*(i)*. *(Substituted by Act 1 of 1995)*

(3) A person commits an offence if, in purported compliance with any obligation to give information to which he or she is subject under or by virtue of regulations made under this Act, he or she gives any information which he or she knows to be false in a material particular, or recklessly gives any information which is so false.

(4) A person commits an offence if, for the purpose of obtaining, whether for himself or herself or another, the issue or renewal of licence or other authority under this Act or under any regulations made under this Act, he or she—

(a) makes any statement or gives any information which he or she knows to be false in a material particular or recklessly gives any information which is so false; or

(b) produces or otherwise makes use of any book, record or other document which to his or her knowledge contains any statement or information which he or she knows to be false in a material particular.

(5) Any person who has a controlled drug lawfully in his or her possession and who discovers the loss or theft of such controlled drug commits an offence if he or she fails to report within 24 hours of discovery, such loss or theft to the nearest police station.

**Attempts etc. to commit offences**

**19.** It is an offence for a person to attempt to commit an offence under any other provision of this Act or to incite or attempt to incite another to commit such an offence.

**Assisting in or inducing commission outside the Territory of offence punishable under a corresponding law**

**20.** A person commits an offence if in the Territory he or she assists in, or induces the commission in any place outside the Territory of an offence punishable under the provisions of a corresponding law in force in that place.

**Offences by corporations**

**21.** Where any offence under this Act or Part II of the Criminal Justice (International Co-operation) Act committed by a body corporate is proved to have been committed with the consent or connivance of, or be attributable to any neglect on the part of any director, manager, secretary, or other similar officer of the body corporate, or any person purporting to act in any such capacity, he or she, as well as the body corporate shall be guilty of that offence and shall be liable to be proceeded against and punished accordingly. *(Amended by Acts 8 of 1993 and 1 of 1995)*

**Further powers to make regulations**

**22.** The Minister may by regulations make provision—

(a) for excluding in such cases as may be prescribed—

(i) the application of any provision of this Act which creates an offence; or

(ii) the application of the provisions of the Custom Management and Duties Act, in so far as they apply in relation to a prohibition or restriction on importation or exportation having effect by virtue of section 5;

*(b)* for the application of any provisions of this Act or regulations or orders thereunder to servants or agents of the Crown, subject to such exceptions, adaptations, and modifications as may be prescribed.

**Powers to search and obtain evidence**

**23.** (1) A member of the Police Force or other person authorised in that behalf by a general or special order of the Minister shall, for the purposes of the execution of this Act, have power to enter the premises of a person carrying on business as a producer or supplier of a controlled drug and to demand the production of, and to inspect any books or documents relating to dealings in such drugs and to inspect stocks of such drugs.

(2) If a member of the Police Force has reasonable grounds to suspect that any person is in possession of a controlled drug in contravention of this Act or of any regulations made thereunder, the member of the Police Force may, subject to subsections (3), (6) and (7)—

*(a)* search that person and detain him or her for the purpose of searching him or her;

*(b)* search any conveyance in which the member of the Police Force suspects that the drug may be found, and for that purpose require the person in the control of that conveyance to stop it; or *(Substituted by Act 1 of 1995)*

*(c)* seize and detain for the purposes of proceedings under this Act—

(i) anything found in the course of the search which appears to the member of the Police Force to be evidence of an offence under this Act;

(ii) any conveyance or receptable in which a controlled drug is found. *(Substituted by Act 1 of 1995)*

(3) In addition to the powers vested in a member of the Police Force under subsection (2), where a controlled drug is found in a conveyance or receptacle, an officer of customs may seize that conveyance or receptacle. *(Substituted by Act 1 of 1995)*

(4) The master or any person in control of such conveyance shall be deemed to be guilty of an offence under section 7(2) unless he or she proves that the controlled drug was in the conveyance without his or her consent, knowledge or connivance and that he or she exercised all due diligence to prevent the commission of the offence. *(Substituted by Act 1 of 1995)*

(5) Nothing in subsection (2) shall apply to a ship, vessel, boat, or aircraft belonging to the Royal Navy, the Royal Air Force or the naval or air forces of any other country, if permission has been granted by the competent authority for such ship, vessel, or boat to come into the territorial waters of the Territory or for such aircraft to enter the Territory.

(6) Nothing in subsection (2) shall derogate from any power of search or power to seize or detain property which is otherwise exercisable by a member of the Police Force.

(7) A Magistrate or Justice of the Peace may issue a warrant in accordance with subsection (8) if satisfied by information on oath that there is reasonable ground for suspecting—

    *(a)* that controlled drugs are in the possession of a person on premises or in a place in contravention of this Act or regulations made thereunder; or

    *(b)* that there is in the possession of a person on premises or in a place, a document relating (directly or indirectly) to or connected with a transaction or dealing or intended transaction or dealing which would—

        (i) if carried out, be an offence under this Act; or

        (ii) if carried out or intended to be carried out in a place outside the Territory, be an offence against the provisions of a corresponding law in force in that place.
        *(Substituted by Act 1 of 1995)*

(8) The warrant mentioned in subsection (7) may authorise a member of the Police Force at any time or times within one month from the date of issue thereof to—

    *(a)* enter, with force if necessary, the premises or place named in the warrant;

    *(b)* search such premises or place and any such persons found therein;

    *(c)* seize and detain—

        (i) any controlled drug found on the premises or place or in the possession of any such persons if there is reasonable ground for suspecting that an offence under this Act has been committed in relation to any such controlled drugs; or

        (ii) any document found on the premises or place if there is reasonable ground for suspecting that the document so found is such as is mentioned in subsection (7)*(b)*.
        *(Substituted by Act 1 of 1995)*

(9) A person commits an offence if he or she—

    *(a)* intentionally obstructs a person in the exercise of his or her powers under this section;

    *(b)* being the person in control of a conveyance, fails to stop it when required to do so under subsection (2)*(b)*;

    *(c)* being a person conveyed in a conveyance, intimidates or prevents the person in control of or any other person operating the conveyance from stopping when required to do so under subsection (2)*(b)*;

    *(d)* without the permission of a person acting in the exercise of his or her powers under subsection (2), leaves a conveyance which has been stopped by that person pursuant to subsection (2)*(b)*;

(e) conceals from a person acting in the exercise of his or her powers under subsection (1), any such books, documents, stocks or drugs as are mentioned in that subsection; or

(f) without reasonable excuse (proof whereof shall lie on him or her) fails to produce any such books, documents or stocks of drugs as aforesaid where the production thereof is demanded by a person acting in the exercise of his or her powers under subsection (1).
*(Substituted by Act 1 of 1995)*

(10) No person shall be searched by any person of the opposite sex. *(Substituted by Act 1 of 1995)*

(11) No article of a person's clothing may be removed from his or her body during a search at any place other than within a police station. *(Substituted by Act 1 of 1995)*

(12) The powers conferred by subsection (1) shall be exercisable also for the purposes of the execution of Part II of the Criminal Justice (International Co-operation) Act and subsection (7) (excluding paragraph *(a)*) shall apply also to offences under section 9 or 10 of that Act, taking references in those provisions to controlled drugs as references to scheduled substances within the meaning of that Part. *(Substituted by Act 1 of 1995)*

## Retention and disposal of seized controlled drug

**24.** (1) Where any substance seized under the provisions of this Act exceeds a weight of 5 kilogrammes, the Magistrate or Judge, as the case may be, may order that such portion as may be specified by him or her of the seized controlled drug be retained—

(a) for forensic examination or for other investigation in connection with an offence;

(b) for use as evidence at a trial for an offence,

and may, in relation to the remaining portion, make an order under subsection (2).

(2) The Magistrate or Judge, as the case may be, after satisfying themselves—

(a) as to the weight of the remaining portion; and

(b) that the remaining portion is the same substance as that ordered to be retained under subsection (1),

may order that the remaining portion be destroyed in such manner as he or she may direct.

(3) An order made under subsection (2) shall be admissible in evidence in any proceedings without further proof and shall be *prima facie* evidence of the facts stated in the order.

*(Substituted by Act 1 of 1995)*

## Power to arrest

**25.** (1) A member of the Police Force may arrest without warrant a person who has committed, or whom the member of the Police Force, with reasonable cause, suspects to have committed an offence under this Act.

(2) Where a controlled drug is found on premises searched under section 23(1), or in a conveyance stopped under section 23(2), the member of the Police Force who has made the search or stopped the conveyance may arrest without warrant any person in the premises or conveyance whom he or she has reasonable cause to believe has committed an offence under this Act. *(Substituted by Act 1 of 1995)*

(3) This section shall not prejudice any power of arrest conferred by law apart from this section.

**Powers of naval officer**

**26.** (1) A captain of any ship belonging to the Royal Navy or any person acting under the command of such captain, shall within the territorial waters of the Virgin Islands have and exercise all the powers vested in a police officer under sections 23(2) and 25(2).

(2) Where a captain of any ship belonging to the Royal Navy or any person acting under the command of such captain—

> *(a)* seizes and detains anything under section 23(2)*(c)*(i) or any conveyance receptacle under section 23(2)*(c)*(ii); or
>
> *(b)* arrests any person under section 25(2),

that captain or any person acting under his or her command shall take such thing, conveyance, receptacle or person to a police officer as soon as may be practicable. *(Substituted by Act 1 of 1995)*

**Committal to the High Court for sentence**

**27.** (1) Where on the summary trial of an offence committed under this Act and triable either summarily or on indictment a person who is not less than 18 years of age is convicted of the offence, then, if on obtaining information that his or her character and antecedents are such that in the opinion of the Magistrate greater punishment should be inflicted for the offence than the Magistrate has power to inflict, the Magistrate may commit that person in custody to the High Court for sentence and shall, as soon as practicable, transmit to the Registrar of the High Court the record of the proceedings.

(2) On receipt of the record, the Registrar of the High Court shall issue an order to the gaoler to bring the convicted person before a Judge of the High Court at a time to be fixed by the Judge of the High Court.

(3) The Judge of the High Court shall inquire into the circumstances of the case and shall have power to deal with the convicted person as if he or she had just been convicted of the offence on indictment before the High Court.

**Prosecution and punishment of offences**

**28.** (1) Except where expressly otherwise provided Schedule 3 shall have effect, in accordance with subsection (2), with respect to the way in which offences under this Act are punishable on conviction.

(2) In relation to an offence under a provision of this Act specified in the first column of Schedule 3 (the general nature of the offence being described in the second column)—

    *(a)* the third column shows whether the offence is punishable on summary conviction or on indictment or in either way;

    *(b)* the fourth, fifth and sixth columns show respectively the punishments which may be imposed on a person convicted of the offence in the way specified in relation thereto in the third column (that is to say, summarily or on indictment) according to whether the controlled drug in relation to which the offence was committed was a Class A drug, a Class B drug, or a Class C drug; and

    *(c)* the seventh column shows the punishments which may be imposed on a person convicted of the offence in the way specified in relation thereto in the third column (that is to say, summarily or on indictment), whether or not the offence was committed in relation to a controlled drug, and if it was so committed, irrespective of whether the drug was a Class A drug, a Class B drug, or a Class C drug,

and in the fourth, fifth, sixth, and seventh columns a reference to a period gives the maximum term of imprisonment and a reference to a sum of money the maximum fine.

(3) An offence under section 19 shall be punished on summary conviction, on indictment or in either way according to whether, under Schedule 3, the substantive offence is punishable on summary conviction, on indictment or in either way; and the punishments which may be imposed on a person convicted of an offence under that section are the same as those which, under that Schedule, may be imposed on a person convicted of the substantive offence.

(4) In subsection (3) "the substantive offence" means the offence under this Act to which the attempt, or, as the case may be, the incitement or attempted incitement mentioned in section 19, was directed.

(5) Notwithstanding the provisions of the Magistrate's Code of Procedure Act, a Magistrate may try an information or complaint for any offence under this Act if the information or complaint was laid, or as the case may be, made at any time within 2 years from the commission of the offence. *(Amended by Act 4 of 1992)*

(6) Notwithstanding the provisions of any other law where any person is charged with an offence under this Act such offence shall be tried summarily or on indictment, at the election of the prosecution. *(Inserted by Act 4 of 1992)*

**Forfeiture**

**29.** (1) Where a person is convicted of an offence under this Act other than a drug trafficking offence, the court may order forfeiture to the Government of the Territory of any or all of the following—

    *(a)* an opium pipe or other article;

    *(b)* the controlled drug in respect of which the offence was committed and all receptacles of any kind found containing the controlled drug;

(c) a conveyance proved to have contained the opium pipe or other pipe or controlled drug;

(d) anything shown to the satisfaction of the court to relate to the offence.

(2) Where a conveyance is ordered to be forfeited under subsection (1), the owner of such conveyance may, within 14 days of such order, make to the court which made the order, a claim for the conveyance to be restored to him or her.

(3) Where a claim is made to the court under subsection (2) the court may, subject to subsection (4), order that the conveyance shall be restored to the owner thereof on payment by him or her of any expenses incurred in seizing, transporting and keeping such conveyance for the purposes of this section.

(4) A court shall not make an order under subsection (3) unless it is satisfied that the owner, charterer or master of the conveyance, as the case may be—

(a) did not permit any person convicted of an offence under this Act to use the conveyance for the purposes of transporting any controlled drug in respect of which the offence was committed;

(b) had no knowledge that any person convicted of an offence under this Act would use the conveyance for the purpose of transporting any such controlled drug.

*(Substituted by Act 1 of 1995)*

(5) Without prejudice to subsection (1) where a person is convicted of a drug trafficking offence, the court shall in passing sentence order forfeiture to the Government of the Territory—

(a) any article;

(b) any money; or

(c) any valuable consideration,

relating to the offence, but the court shall not order anything to be forfeited under this subsection unless an opportunity has been given to the person claiming to be the owner or other person interested in it to show cause within 14 days from the date of conviction why the order should not be made.

(6) Forfeiture shall extend—

(a) to any property which there is reason to believe has been obtained from the proceeds of anything relating to the offence for which a person is convicted under this Act or to a conspiracy to commit any such offence; or

(b) to anything into which any such property has been converted.

(7) Subject to subsection (5), forfeitures under this section may be applied to such purposes as may be determined by the Cabinet. *(Substituted by Act 4 of 1992)*

(8) Controlled drugs forfeited under this section shall be disposed of in such manner as the Court may direct. *(Substituted by Act 4 of 1992)*

**Forfeiture of conveyance**

**30.** (1) Notwithstanding section 29(1), where a person is convicted of a drug trafficking offence under this Act or of any offence under the Criminal Justice

(International Co-operation) Act, and the court convicting the person is satisfied that a conveyance which was in the person's possession or under his or her control at the time of the commission of the offence—

    *(a)* has been used in connection with or for the purpose of committing or facilitating the commission of such offence; or

    *(b)* was intended by him or her to be used for the purpose mentioned in paragraph *(a),*

the court shall, in passing sentence, order forfeiture to the Government of the Territory of the conveyance.

    (2) The provisions of section 29(2), (3) and (4) shall, with such modification as may be necessary, apply to this section.

    (3) Section 92 of the Police Act shall not apply to a conveyance which is the subject of an order under this section.

    *(Inserted by Act 9 of 1996)*

## Certificate of analyst admissible in evidence

    **31.** (1) The Minister may, by notice published in the *Gazette*, appoint a person qualified as an analyst to be an analyst for the purposes of this Act.

    (2) Subject to subsections (4) and (5) and notwithstanding the provisions of any other law, a certificate of an analyst purporting to be signed by the analyst and stating—

    *(a)* that he or she has analysed or examined a substance; and

    *(b)* the result of such analysis or examination,

is, in any prosecution under this Act, admissible in evidence of the matters stated therein if it is proved by other evidence that the seals or other fastenings of the container of the substance analysed to which the certificate relates, were intact at the time when that container was delivered to him or her. *(Substituted by Act 1 of 1995)*

    (3) No evidence shall be required by the court as to the signature or qualifications of the person purporting to have signed the certificate.

    (4) No certificate shall be received in evidence unless the party intending to produce it has given to the other party 7 days' notice of such intention and has furnished with such notice a copy of the certificate.

    (5) In any prosecution under this Act, either of the parties may require the attendance of any analyst to give evidence and in such case, the costs of his or her attendance shall, unless the Judge or Magistrate orders otherwise, be payable by the party so requiring.

## Proof of lack of knowledge etc. to be a defence in proceedings for certain offences

    **32.** (1) This section applies to offences under sections 6(1), 6(2), 7(1), 7(2), 8(2) and 11. *(Substituted by Act 1 of 1995)*

    (2) Subject to subsection (3), in any proceedings for an offence to which this section applies, it shall be a defence for the person charged to prove that he or she neither knew of, nor suspected, nor had reason to suspect the existence of some fact

alleged by the prosecution which it is necessary for the prosecution to prove if the person is to be convicted of the offence charged.

(3) Where in any proceedings for an offence to which this section applies it is necessary if the accused is to be convicted of the offence charged, for the prosecution to prove that some substance or product involved in the alleged offence was the controlled drug which the prosecution alleges it to have been, and it is proved that the substance or product in question was that controlled drug, the accused—

*(a)* shall not be acquitted of the offence charged by reason only of proving that he or she neither knew, nor suspected nor had reason to suspect that the substance or product in question was the particular controlled drug alleged; but

*(b)* shall be acquitted thereof—

(i) if he or she proves that he or she neither believed nor suspected, nor had reason to suspect that the substance or product in question was a controlled drug; or

(ii) if he or she proves that he or she believed the substance or product in question to be a controlled drug, or a controlled drug of a description, such that if it had in fact been that controlled drug or a controlled drug of that description, he or she would not at the material time have been committing any offence to which this section applies.

(4) Nothing in this section shall prejudice any defence which is open to a person charged with an offence to which this section applies to raise apart from this section.

**Service of documents**

**33.** (1) Any notice or other document required or authorised by any provision of this Act to be served on any person may be served on him or her either by delivering it to him or her or by leaving it at his or her proper address or by sending it by registered post.

(2) Any notice or other document so required or authorised to be served on a body corporate shall be duly served if it is served on the secretary or clerk of that body.

(3) For the purposes of this section the proper address of any person shall, in the case of the secretary or clerk or a body corporate, be that of the registered or principal office of that body, and in any other case shall be the last address of the person to be served which is known to the Minister.

**Licences and authorities**

**34.** A licence or other authority issued by the Minister for the purposes of this Act or of regulations made under this Act may be, to any degree, general or specific, issued on such terms and subject to such conditions (including in the case of a licence the payment of a prescribed fee) as the Minister thinks proper, and may be modified or revoked by him or her at any time.

### General provisions as to regulations

**35.** (1) Regulations made by the Minister under any provision of this Act—

*(a)* may make different provisions in relation to different controlled drugs, different classes of persons, different provisions of this Act or other different cases or circumstances; and

*(b)* may make the opinion, consent or approval, of a prescribed authority or of any person authorised in a prescribed manner material for the purposes of any provision of the regulations; and

*(c)* may contain such supplementary, incidental and transitional provisions as appear expedient to the Minister.

(2) The Minister shall not make any regulations under this Act except after consultation with the Advisory Council.

(3) Any regulations made under this Act by the Minister shall be subject to annulment in pursuance of a resolution of the House of Assembly.

### Research

**36.** The Minister may conduct or assist in conducting research into any matter relating to the misuse of dangerous or otherwise harmful drugs.

### Meaning of "corresponding law"

**37.** (1) In this Act, the expression "corresponding law" means a law stated in a certificate purporting to be issued by or on behalf of the government of a country outside the Territory to be a law providing for the control and regulation in that country of the production, supply, use, export, and import of drugs and other substances in accordance with the provisions of the Single Convention on Narcotic Drugs signed at New York on 30th March, 1961, or a law providing for the control and regulation in that country of the production, supply, use, export, and import of dangerous or otherwise harmful drugs in pursuance of any treaty, convention or other agreement or arrangement to which the government of that country and the Government of the United Kingdom of Great Britain and Northern Ireland including the Territory are for the time being parties.

(2) A statement in any such certificate as aforesaid to the effect that any facts constitute an offence against the law mentioned in the certificate shall be conclusive evidence of the matters stated.

———————

## SCHEDULE 1

*(Section 3)*

### CONSTITUTION OF THE ADVISORY COUNCIL

**1.** (1) The Advisory Council shall consist of such number of members, but not exceeding 12 appointed by the Minister, representing relevant interest groups in the Territory including the following—

    *(a)* medical and health services;

    *(b)* education, sports and youth organisations;

    *(c)* police and public services;

    *(d)* legal profession; and

    *(e)* voluntary associations. *(Substituted by Act 4 of 1992)*

(2) The Minister shall appoint one of the members to be the Chairman of the Advisory Council. *(Substituted by Act 4 of 1992)*

**2.** The Advisory Council may appoint committees, which may consist in part of persons who are not members of the Advisory Council to consider and report to the Advisory Council on any matter referred to them by the Advisory Council.

**3.** At meetings of the Advisory Council the quorum shall be 5, and subject to that, the Advisory Council may determine their own procedure. *(Amended by Act 4 of 1992)*

**4.** The Minister shall have power to co-opt to the Council or any committee thereof any person whom he or she considers able to assist in their deliberation on any matter and any person so co-opted shall to all intents and purposes be a member for so long as he or she is co-opted save that such person shall have no vote and shall not be counted for the purpose of constituting a quorum. *(Inserted by Act 4 of 1992)*

———————

## SCHEDULE 2

*(Section 4)*

### DRUG (PREVENTION OF MISUSE) ACT

### CONTROLLED DRUGS

### PART I

### CLASS A DRUGS

**1.** The following substances and products, namely—

*(a)*

Acetorphine
Alfentanil
Allylprodine
Alphacetylmethadol
Alphameprodine
Alphamethadol
Alphaprodine
Anileridine

Benzethidine
Benzylmorphine
 (3-benzylmor-
 phine)

Betacetylmethadol
Betameprodine
Betamethadol
Betaprodine
Bezitramide
Bufotenine
Cannabinol, except
 where contained
 in cannabis or
 cannabis resin

Cannabinol derivatives

Carfentanil
Clonitazene
Coca leaf

Dihydromorphine
Dimenoxadole
Dimepheptanol
Dimethylthiambutene
Dioxaphetyl butyrate
Diphenoxylate
Dipipanone
Drotebanol (3,
 4-dimethoxy-
 17-methylmorphi-
 nan-6, 14-diol)

Ecgonine, and any
 derivative of ecgo-
 nine which is con
 vertible to ecgo-
 nine or to cocaine

Ethylmethylthiambutene

Eticyclidine

Etonitazene
Fentanyl
Furethidine
Hydrocodone
Hydromorphinol
Hydromorphone
Hydroxypethidine
Isomethadone

Cocaine

Desomorphine

Dextromoramide

Diamorphine

Diampromide

Diethylthiambutene

Difenoxin
   (1-3-cyano-3,
   3-diphenylpropyl)-
   4-phenylpiperi-
   dine-4-
   carboxylic acid).

Dihydrocodeinone O-
carboxymethyloxime

Methyldesorphine

Methyldihydro-mor-
   phine (6-
   methyldihydro-
   morphine)

Metopon

Morpheridine

Morphine

Morphine methobro-
   mide, morphine
   N-oxide and other
   pentavalent nitro-
   gen morphine
   derivatives

Myrophine

Nicomorphine (3,
   6-dinicotinoyl-
   morphine)

Ketobemidone

Levomethorphan

Levomoramide

Levophenacylmorphan

Levorphanol

Lofentanil

Lysergamide

Lysergide and other
   N-alkyl derivative
   of lysergamide

Mescaline

Metazocine

Methadone

Methadyl acetate

Properidine (1-methyl-
   4-phenyl-piperi-
   dine-
   carboxylic acid
   isopropyl ester)

Psilocin

Racemethorphan

Racemoramide

Racemorphan

Rolicyclidine

Sufentanil

Tenocyclidine

Thebacon

Thebaine

Tilidate

Trimeperidine

4-Bromo-2,
   5-dimethoxy-
   methylphenathy-
   lamine

*Drugs (Prevention of Misuse) Act*   LAW OF
VIRGIN ISLANDS

| | |
|---|---|
| Noracymethadol | |
| Norlevorphanol | |
| Normethadone | 4-Cyano-2-dimethy-lamino-4, 4-diphenylbutane |
| Normorphine | |
| Norpipanone | |
| Opium, whether raw, prepared or medic-inal | 4-Cyano-1-methyl-4-phenyl-piperidine |
| | N, N-Diethyltrypta-mine |
| Oxycodone | |
| Oxymorphone | N, N-Dimethyltrypta-mine |
| Pethidine | |
| Phenadoxone | 2,5-Dimethoxy-, 4-dimethyl-phenethylamine |
| Phenampromide | |
| Phenazocine | |
| Phencyclidine | 1-Methyl-4-phenylip-iperidine-4-car-boxylic acid |
| Phenomorphan | |
| Phenoperidine | |
| Piminodine | 2-Methyl-3-morpholi-no-1; 1-diphenyl-propanecarboxylic acid |
| Proheptazine | |
| | 4-phenylpiperidine-4 carboxylic acid ethyl ester |

(b) any compound (not being a compound for the time being specified in subparagraph *(a)* above) structurally derived from tryptamine or from a ringhydroxy tryptamine by substitution at the nitrogen atom of the sidechain with one or more alkyl substituents but no other substituent;

(c) any compound (not being methoxyphenamine or a compound for the time being specified in subparagraph *(a)* above) structurally derived from phenethylamine, an N-alkylphenethylamine, -ethylphenethylamine, an N-alkyl-methylphenethylamine, -ethylphenethylamine, or an N-alkyl-ethyl-phenethylamine by substitution in the ring to any extent with alkyl, alkoxy, alkylenedioxy or halide substituents, whether or not further substituted in the ring by one or more other univalent substituents.

(d) any compound (not being a compound for the time being specified in subparagraph *(a)* above) structurally derived from fentanyl by modification in any of the following ways, that is to say—

(i) by replacement of the phenyl portion of the phenethyl group by any heteromonocycle whether or not further substituted in the heterocycle;

    (ii)  by substitution in the phenthyl group with alkyl, alkenyl, alkoxy, hydroxy, halogeno, haloalkyl, amino or nitro groups;

    (iii)  by substitution in the piperidine ring with alkyl or alkenyl groups;

    (iv)  by substitution in the aniline ring with alkyl, alkoxy, alkylenedioxy, halogeno or haloalkyl groups;

    (v)  by substitution at the 4-position of the piperidine ring with any alkoxycarbonyl or alkoxyalkyl or acyloxy group;

    (vi)  by replacement of the N-propionyl group by another acyl group;

*(e)*  any compound (not being a compound for the time being specified in sub-paragraph *(a)* above) structurally derived from pethidine by modification in any of the following ways, that is to say—

    (i)  by replacement of the 1-methyl group by an acyl, alkyl whether or not unsaturated, benzyl or phenethyl group, whether or not further substituted;

    (ii)  by substitution in the piperidine ring with alkyl or alkenyl groups or with a propano bridge, whether or not further substituted;

    (iii)  by substitution in the 4-phenyl ring with alkyl, alkoxy, aryloxy, halogeno or haloalkyl groups;

    (iv)  by replacement of the 4-ethoxycarbonyl by any other alkoxycarbonyl or any alkoxyalkyl or acyloxy group;

    (v)  by formation of an N-oxide or of a quaternary base.

**2.**    Any stereoisomeric form of a substance for the time being specified in paragraph 1 above not being dextromethorphan or dextrorphan.

**3.**    An ester or ether of a substance for the time being specified in paragraph 1 or 2 above not being a substance for the time being specified in Part II of this Schedule.

**4.**    Any salt of a substance for the time being specified in any of paragraphs 1 to 3 above.

**5.**    Any preparation or other product containing a substance or product for the time being specified in any of paragraphs 1 to 4 above.

**6.**    Any preparation designed for administration by injection which includes a substance or product for the time being specified in any of paragraphs 1 to 3 of Part II of this Schedule.

Revision Date: 1 Jan 2020

PART II

CLASS B DRUGS

1.   The following substances and products, namely—

| | |
|---|---|
| *(a)*   Acetyldihydrocodeine | Methaqualone |
| | Methylamphetamine |
| Amphetamine | Methylphenidate |
| Cannabis and | Methylphenobarbitone |
|    cannabis resin | |
| | Nicocodine |
| Codeine | Nicodicodine (6-nicoti- |
| |    noyldihydrocodeine) |
| Dihydrocodeine | |
| Ethylmorphine (3-eth- | |
|    ylmorphine) | |
| | Norcodeine |
| Gluthethimide | Pentazocine |
| Lefetamine | Phenmetrazine |
| Mecloqualone | Pholcodine |

*(b)*   any 5, 5 disubstituted barbituric acid.

2.   Any stereoisomeric form of a substance for the time being specified in paragraph 1 of this Part of the Schedule.

3.   Any salt of a substance for the time being specified in paragraph 1 or 2 of this Part of this Schedule.

4.   Any preparation or other product containing a substance or product for the time being specified in any of paragraphs 1 to 3 of this Part of this Schedule, not being a preparation falling within paragraph 6 of Part I of this Schedule.

PART III

CLASS C DRUGS

**1.**   The following substances, namely—

| | |
|---|---|
| Alprazolam | Halazepam |
| Benzphetamine | Haloxazolam |
| Bromazepam | Ketazolam |
| Buprenorphine | Loprazolam |
| Camazepam | Lorazepam |
| Cathine | Lormetazepam |
| Cathinone | Mazindl |
| Chlordiazepoide | Medazepam |
| Chlorphentermine | Mefenorex |
| Clobazam | Mephenterime |
| Clonazepam | Meprobamate |
| Clorazepic acid | Methyprylone |
| Clotiazepam | Nimetazepam |
| Cloxazolam | Nitrazepam |
| Delorazepam | Nordazepam |
| Dextropropoxyphene | Oxazepam |
| Diazepam | Oxazolam |
| Diethylpropion | Pemoline |
| Estazolam | Phendimetrazine |
| Ethchlorvynol | Phentermine |
| Ethinamate | Pinazepam |
| Ethyl loflazepate | Pipradrol |
| Fencamfamin | Prazepam |
| Fenethylline | Propylhexedrine |
| Fenproporex | Pyrovalerone |
| Fludiazepam | Temazepam |
| Flunitrazepam | Tetrazepam |
| Flurazepam | Triazolam |
| | N-Ethylamphetamine |

**2.**   Any stereoisomeric form of a substance for the time being specified in paragraph 1 of this Part of this Schedule not being phenylpropanolamine.

**3.**   Any salt of a substance for the time being specified in paragraph 1 or 2 of this Part of this Schedule.

**4.**   Any preparation or other product containing a substance for the time being specified in any of paragraphs 1 to 3 of this Part of this Schedule.

## PART IV

### MEANING OF CERTAIN EXPRESSIONS USED IN THIS SCHEDULE

For the purpose of this Schedule the following expressions (which are not among those defined in section 37(1) of this Act) have the meanings hereby assigned to them respectively, that is to say—

"cannabinol derivatives" means the following substances, except where contained in cannabis or cannabis resin, namely tetrahydro derivatives of cannabinol and 3-alkyl homologues of cannabinol or of its tetrahydro derivatives;

"coca leaf" means the leaf of any plant of the genus Erythroxylon from whose leaves cocaine can be extracted either directly or by chemical transformation;

"concentrate of poppy-straw" means the material produced when poppy-straw has entered into a process for the concentration of its alkaloids;

"medicinal opium" means raw opium which has undergone the process necessary to adapt it for medicinal use in accordance with the requirements of the British Pharmacopoeia, whether it is in the form of powder or is granulated or is in any other form, and whether it is or is not mixed with neutral substances;

"opium poppy" means the plant of the species Papaver somniferum L;

"poppy straw" means all parts, except the seeds, of the opium poppy, after mowing;

"raw opium" includes powdered or granulated opium but does not include medicinal opium.

*(Substituted by Act 4 of 1992)*

———————

# SCHEDULE 3

*(Section 28)*

## PROSECUTION AND PUNISHMENT OF OFFENCES

| Section Creating Offence | General Nature of Offence | Punishment | | | | |
|---|---|---|---|---|---|---|
| | | Mode of Prosecution | Class A Drug involved | Class B Drug involved | Class C Drug involved | General |
| Section 7(1) (substi-tuted by Act 1 of 1995) | | *(a)* Summary | 3 years and $100,000 | 3 years and $100,000 | 2 years and $75,000 | |
| | | *(b)* On in-dictment | 7 years and $200,000 | 7 years and $200,000 | 5 years and $100,000 | |
| Section 8(2) | Cultivation of Cannabis plant | *(a)* Summary | | | | 3 years and $100,000 |
| | | *(b)* On in-dictment | | | | 14 years and $200,000 |
| Section 10 | Being the occupier or concerned in the management of premises and permitting or suffering certain activities to take place there | *(a)* Summary | 3 years and $100,000 | 3 years and $100,000 | 2 years and $75,000 | |
| | | *(b)* On in-dictment | 14 years and $200,000 | 14 years and $200,000 | 10 years and $200,000 | |
| Section 11 | Offences relating to controlled drugs | *(a)* Summary | | | | 2 years and $75,000 |
| | | *(b)* On in-dictment | | | | 14 years and $200,000 |

36        *Drugs (Prevention of Misuse) Act*        LAW OF
VIRGIN ISLANDS

Revision Date: 1 Jan 2020

| Section Creating Offence | General Nature of Offence | Punishment | | | | |
|---|---|---|---|---|---|---|
| | | *Mode of Prosecution* | *Class A Drug involved* | *Class B Drug involved* | *Class C Drug involved* | *General* |
| Section 13(2) | Contravention of directions relating to safe custody of controlled drugs | *(a)* Summary | | | | 3 years and $100,000 |
| | | *(b)* On in-dictment | | | | 10 years and $200,000 |
| Section 14(6) | Contravention of direction prohibiting practitioner, etc. from possessing, supplying, etc. controlled drugs | *(a)* Summary | 3 years and $100,000 | 3 years and $100,000 | 2 years and $75,000 | |
| | | *(b)* On in-dictment | 14 years and $200,000 | 14 years and $200,000 | 10 years and $200,000 | |
| Section 15(2) | Contravention of direction prohibiting practitioner, etc. from prescribing, supplying, etc. controlled drugs | *(a)* Summary | 3 years and $100,000 | 3 years and $100,000 | 2 years and $75,000 | |
| | | *(b)* On in-dictment | 14 years and $200,000 | 14 years and $200,000 | 10 years and $200,000 | |
| Section 17(3) | Failure to comply with notice requiring information relating to prescribing, supply, etc. of drugs | *(a)* Summary | | | | $75,000 |

| Section Creating Offence | General Nature of Offence | Punishment | | | | |
|---|---|---|---|---|---|---|
| | | *Mode of Prosecution* | *Class A Drug involved* | *Class B Drug involved* | *Class C Drug involved* | *General* |
| Section 17(4) | Giving false information in purported compliance with notice requiring information relating to prescribing, supply, etc. of drugs | *(a)* Summary | | | | 3 years and $100,000 |
| | | *(b)* On in-dictment | | | | 10 years and $200,000 |
| Section 18(1) | Contravention of regulations (other than regulations relating to addicts) | *(a)* Summary | | | | 3 years and $100,000 |
| | | *(b)* On in-dictment | | | | 10 years and $200,000 |
| Section 18(2) | Contravention of terms of licence or authority | *(a)* Summary | | | | 3 years and $100,000 |
| | | *(b)* On in-dictment | | | | 10 years and $200,000 |
| Section 18(3) | Giving false information on purported compliance with obligation to give information imposed under or by virtue of regulations | *(a)* Summary | | | | 3 years and $100,000 |
| | | *(b)* On in-dictment | | | | 10 years and $200,000 |

| Section Creating Offence | General Nature of Offence | Punishment | | | | |
|---|---|---|---|---|---|---|
| | | *Mode of Prosecution* | *Class A Drug involved* | *Class B Drug involved* | *Class C Drug involved* | *General* |
| Section 18(4) | Giving false information or producing document, etc. containing false statement, etc. for purposes of obtaining issue or renewal of a licence or other authority | *(a)* Summary | | | | 3 years and $100,000 |
| | | *(b)* On in-dictment | | | | 10 years and $200,000 |
| Section 20 | Assisting in or inducing commission outside the Territory of an offence punishable under a corresponding law | *(a)* Summary | | | | 3 years and $100,000 |
| | | *(b)* On in-dictment | | | | 14 years and $200,000 |
| Section 23(8) | Obstructing exercise of powers of search etc. failing to stop, preventing the person in in charge from stopping, leaving a stopped vehicle etc. or concealing books, drugs, etc. | *(a)* Summary | | | | 3 years and $100,000 |
| | | *(b)* On in-dictment | | | | 14 years and $200,000 |

*(Amended by Act 4 of 1992)*

---