UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NUMBER 22-CR-20191

UNITED STATES OF AMERICA

    **vs.**

ANDREW ALTURO FAHIE

---

ZOOM HEARING HELD 2-27-2024
BEFORE THE HONORABLE KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT COURT JUDGE

---

APPEARANCES:

| | |
|---|---|
| FOR THE UNITED STATES: | KEVIN GERARDE, A.U.S.A.<br>99 N.E. 4th Street<br>Miami, FL 33132 |
| FOR THE DEFENDANT: | THERESA VAN VLIET, ESQ.<br>200 East Broward Blvd<br>Fort Lauderdale, FL 33301 |
| REPORTED BY: | PATRICIA SANDERS, RPR<br>United States Court Reporter<br>400 North Miami Avenue, Suite 11-3<br>Miami, FL 33128<br>T: 305.523.5528<br>patricia_sanders@flsd.uscourts.gov |

1  THE COURT: The Court calls Case No. 22-20191; United States versus Fahie.

2  Counsel, if you would please announce your appearances for the record.

3  MR. GERARDE: Good afternoon, Your Honor, Kevin Gerarde appearing on behalf of the Government

4  THE COURT: Good afternoon, Mr. Gerarde.

5  MS. VAN VLIET: Good afternoon, Your Honor, Theresa Van Vliet on behalf of Defendant Fahie.

6  THE COURT: Good afternoon, Ms. Van Vliet.

7  All right. Counsel, I was wondering if any progress has been made in discussions in advance of our hearing next week?

8  MR. GERARDE: So, Your Honor -- without going into any specifics -- Ms. Van Vliet and I have been speaking pretty regularly. We spoke this morning, we spoke also on Friday; if I am not mistaken.

9  MS. VAN VLIET: I believe it was Friday. But we have had several discussions, yes.

10  MR. GERARDE: Your Honor, I need to speak to my -- I do have a chain of command that I need to have some further discussion with in order to seek authorization for certain proposals that have been suggested and discussed by Ms. Van Vliet.

1                THE COURT:  Of course.
2                MR. GERARDE:  And so since those discussions have not
3    been concluded the Government is not able to make any sort of
4    formal proposal to the defense.
5                THE COURT:  Here's the dilemma that I have -- and it
6    is separate from yours -- if we go forward a week from Thursday
7    and we need the limited testimony that has been discussed, then
8    the two jurors have to be given notice and subpoenaed to come
9    back to court.
10               And once that occurs then that starts a whole other
11   cycle of things attendant to that proceeding.  So I wanted to
12   speak with you briefly in terms of scheduling and timing; as I
13   am unavailable for the next two weeks.
14               I am in a trial -- which may go a little over that two
15   week period -- and so any proceeding where we would have to get
16   the jurors back in would have to go after the completion of the
17   trial.
18               So, I do need an answer from the parties as to whether
19   it can be worked out in some way or if we have to take whatever
20   the next steps may be.
21               MR. GERARDE:  Understanding the Court's issue with
22   scheduling -- just to restate the Government's position on this
23   entire issue -- we do not think the Court should conduct any
24   further inquiry of either of those two jurors.
25               THE COURT:  Right.

1          MR. GERARDE:  Because as it stands now, it is the
2    Government's position that there is no reason to believe that
3    any further inquiry would lead to any information that the
4    Court could appropriately consider; meaning any information
5    that would fall into one of the enumerated exceptions to Rule
6    606.
7          THE COURT:  I understand the Government's position --
8    which I frankly think I alluded to at the last hearing -- and I
9    think the nuance was lost on the reporter from our local paper.
10         But, frankly, the fact that this was communicated to
11   the Court immediately after the verdict, I feel constrained to
12   to not ignore the information.
13         But I am well aware that even with the information in
14   a scenario where that is provided to me, the best I might be
15   able to do is give an indication of what my position would be
16   in the alternative.
17         And while I understand your position, Mr. Gerarde, I
18   do hope in light of the entire record of this case that the
19   parties can come to some agreement that would avoid any further
20   wrinkles -- for lack of a better term -- in a case that has had
21   some rather unique issues to say the least.
22         MR. GERARDE:  Understood.
23         MS. VAN VLIET: I am not going to repeat my argument,
24   Judge, but from the defense perspective, I believe the record
25   is -- as Your Honor has said throughout -- pretty unique.

1      And has had some pretty strange twists and turns.

2      With that said, Judge, I am speaking with my client and
3  weighing some of these -- the various issues I would say -- and
4  working through some different scenarios.

5        I communicated to Mr. Fahie the fact that this hearing
6  was going on today -- well, I spoke with his wife earlier --
7  and she is in daily contact with him.

8        And I let her know that we would be apprising her of
9  what transpired here today at the status conference.

10        So the Court understands; I have broadly outlined the
11  parameters of the sort of agreement that, you know, I would
12  recommend that Mr. Fahie consider taking.

13         And, again, broadly have discussed those things with
14  the Government as well.  And so I am hoping to be able to hear
15  back from my client sometime Thursday as to his inclination in
16  that regard.

17        I do recall that the Court was unavailable until
18  sometime -- at least as I recall -- the last week of March.  So
19  I kind of had that in the back of my mind.

20         Again, I should know something from my client on
21  Thursday, and then hopefully Mr. Gerarde will know shortly
22  thereafter, and then we can update Your Honor one way or the
23  other.

24        THE COURT:  All right. I will give the parties until
25  at least Thursday to perhaps work things out.

1            If not we will have to discuss our next steps.

2            MS. VAN VLIET: Judge, I am cautiously hopeful we can

3   get this resolved.  I know that Mr. Gerarde and I are trying

4   hard, and so if it doesn't happen it won't be for any lack of

5   solid effort on our part.

6            THE COURT:  I never doubted that for a minute. I have

7   no doubt that both sides have been fully committed to trying to

8   work things out; and I will leave it there for now.

9            All right.  If there is nothing further I will let the

10  parties continue to have discussions with each other, as well

11  as the other decision-makers, which of course includes Mr.

12  Fahie.

13           MS. VAN VLIET: Thank you, Your Honor. We will continue

14  to do our best to get it resolved.

15           THE COURT:  All right. Is there anything else I can

16  take up on behalf of Mr. Fahie or the United States?

17           MS. VAN VLIET:  Not on behalf of Mr. Fahie; no.

18           MR. GERARDE:  Nothing further on behalf of the

19  Government, Judge.

20           THE COURT:  All right.  I will wait to hear from the

21  parties.  And we are adjourned.

22                        HEARING CONCLUDED

```
 1                              -  -  -

 2                         C E R T I F I C A T E

 3           I hereby certify that the foregoing is an accurate

 4    transcription of proceedings in the above-entitled matter.

 5

 6                                              /S/PATRICIA SANDERS

 7    _____                          _____

 8    DATE FILED                          PATRICIA SANDERS, RPR
```